Filed 1/9/23  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F083551 |
| Plaintiff and Respondent, | (Super. Ct. No. BF102899A) |
| v. | |
| LONNY LORENZO JOHNSON, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County.  Michael G. Bush, Judge.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez, Christina H. Simpson and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]       Before Hill, P. J., Poochigian, J. and De Santos, J.

Appellant Lonnie Lorenzo Johnson appeals the denial of his petition under Penal Code[1] former section 1170.95[2] for resentencing on his murder conviction. The denial was based, in part, on a finding that appellant was ineligible for relief because his conviction includes a special circumstance allegation that the murder was committed during the commission of a robbery. (See § 190.2, subd. (a)(17)(A).) Our Supreme Court has since clarified that the mere fact of such a conviction is insufficient to deny appellant's petition at the prima facie eligibility stage. (See *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).) Accordingly, for the reasons set forth below, we agree with appellant that on the current record an evidentiary hearing is required and therefore remand for the trial court to conduct that hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, appellant was convicted of murder (§ 187, subd. (a)) with the additional allegations that the murder was committed while appellant was engaged in a robbery (§ 190.2, subd. (a)(17)(A)) and that appellant personally used a deadly weapon in the commission of the murder (§ 12022, subd. (b)(1)).

By way of background[3] and as detailed in our prior opinion, appellant was charged with the stabbing and asphyxiation death of Yolonda Espinoza, an individual who had

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Effective June 30, 2022, the Legislature renumbered then effective section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute at that time, although prior changes had been implemented effective January 1, 2022. There is no dispute in this case that turns on any of these changes. For purposes of clarity, we refer to the statute as section 1172.6.

[3]  We have summarized portions of the statement of facts from this court's prior opinion affirming appellant's conviction (*People v. Johnson* (May 14, 2007, F049490) [nonpub. opn.]). With respect to the facts provided, we include these facts only for background concerning the nature of appellant's conviction. (See *People v. Clements* (2022) 75 Cal.App.5th 276, 292, quoting § 1172.6, subd. (d)(3) ["effective January 1, 2022, the Legislature limited use of prior appellate opinions, allowing trial judges to 'consider the procedural history of the case recited' "]; see also *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9 ["Senate Bill

once lived in the same apartment complex as appellant. Espinoza was discovered by police dead in her apartment, with her head covered by a plastic bag. The cause of death was suffocation, although Espinoza also had numerous stab wounds. No usable prints were found on the bag covering Espinoza's head or on a bloody knife found in Espinoza's kitchen. However, appellant's fingerprints were found on a plastic bag holding videotapes, and it was later alleged that appellant sold a boombox that had been stolen from the apartment. Under police questioning, a 13-year-old boy implicated himself in the incident.

In his defense, appellant conceded he had been in Espinoza's apartment with the 13-year-old boy because they needed to use the phone and wanted some water. He claimed, however, that Espinoza was fine when the two left her apartment. This defense differed from what appellant had told police in previous interviews. In those interviews, appellant had provided details about the attack and indicated the 13-year-old boy had stabbed Espinoza.

In 2019, appellant filed a petition for resentencing. The People filed an opposition on the merits, claiming appellant was ineligible for relief. The People claimed appellant was the actual killer because the jury convicted him of using a knife in the commission of the offense and that appellant was ineligible for relief given his role as a major participant in the murder who acted with reckless indifference to human life. On this later point, the people relied on facts allegedly elicited at trial and the conviction for use of the knife.

The court denied appellant's petition in October 2021. The court wrote, "[Appellant] was convicted of first degree murder. In addition, the jury found true the special circumstance that the murder was committed during the commission of a robbery. [PC Section 190.2(a)(17)(A)]. The jury also found that [appellant] personally used a

[No.] 775 [(2021–2022 Reg. Sess.)] prevents a trial court from relying on facts recited in an appellate opinion to rule on a petition under section [1172.6]."].)

deadly or dangerous weapon during the commission of the murder. [PC Section 120[22](b)(1)] [¶] Therefore, [appellant]'s … petition is denied." (Second & third bracketed insertions in original.)

This appeal timely followed.

## DISCUSSION

Section 1172.6, subdivision (a) provides that one convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime may file a petition to have the conviction vacated and to be resentenced on any remaining counts when (1) an information was filed against the petitioner that allowed the prosecution to proceed under a theory under which malice is imputed to a person based solely on that person's participation in a crime, (2) the petitioner was convicted of murder after either trial or accepting a plea in lieu of trial, and (3) the petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189.

Relevant here, "section 189, as amended, now limits liability under a felony-murder theory principally to 'actual killer[s]' (Pen. Code, § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2'—that is, the statute defining the felony-murder special circumstance." (*Strong*, *supra*, 13 Cal.5th at p. 708.)

Returning to the resentencing statute, section 1172.6, subdivision (c) explains: "After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court

4.

shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

"[W]hen assessing the prima facie showing, the trial court should assume all facts stated in the … petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed … as eligible for resentencing. Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition … the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing … is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980, abrogated on different grounds by *People v. Lewis* (2021) 11 Cal.5th 952, 963, third bracketed insertion in original.)

Appellant challenges the three stated grounds for denying his petition: (1) he was convicted of first degree murder; (2) the jury found true the special circumstance that the murder was committed in the course of a robbery; and (3) appellant was found to have personally used a deadly weapon. On the first and third grounds, appellant points out that the mere conviction of murder or the mere finding that appellant used a deadly weapon in the commission of murder, standing alone, does not demonstrate that appellant was ineligible for relief or that he was the actual killer. The People provide no argument that these grounds support denying the petition, instead relying on the second ground. Upon review, we see no basis for concluding that conviction of first degree murder or the finding appellant used a deadly weapon in the commission of murder, standing alone, is

5.

sufficient to deny relief at the prima facie stage. Particularly in the context of the felony murder statutes, these facts alone do not demonstrate ineligibility for relief, as there are multiple theories which could support a murder conviction but not preclude resentencing included within the base convictions.

We thus turn to the second ground, that appellant's conviction included the special circumstance that the murder was committed in the course of a robbery. In their briefing, which came before our Supreme Court's opinion in *Strong*, the People argued that a special circumstance finding arising from before the Supreme Court's opinions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 was sufficient to demonstrate ineligibility for resentencing. At the same time, the People acknowledged that this issue was the subject of a split in the Courts of Appeal and was pending before the California Supreme Court. Our Supreme Court has since resolved that split.

In *Strong*, our Supreme Court held that where a petitioner's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.) Our Supreme Court reasoned that section 1172.6 requires the petitioner to make a prima facie showing that he or she could not be convicted of murder under the amended versions of sections 188 and 189, and "[a] pre-*Banks* and *Clark* special circumstance finding does not negate that showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements." (*Strong*, at pp. 717–718.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1008 [trial court may not deny § 1172.6 petition at prima facie stage based on its own determination the defendant was major participant in felony and acted with reckless disregard for human life].) Thus, "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the

6.

evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong*, at p. 720.)

Here, the jury's true finding on the robbery-murder special circumstance occurred in 2005, well before our Supreme Court's decisions in *Banks* and *Clark*. Under *Strong*, the jury's finding on the special circumstance does not preclude appellant from stating a prima facie case for relief. (*Strong*, *supra*, 13 Cal.5th at p. 721.) Accordingly, the superior court erred by summarily denying appellant's petition based on the jury's findings on the special circumstance allegation. We will reverse the trial court's order and remand the matter to the trial court with directions to issue an order to show cause and to hold an evidentiary hearing. (See § 1172.6, subds. (c), (d); *Strong*, at pp. 708–709; *People v. Duchine* (2021) 60 Cal.App.5th 798, 816.) We express no opinion about appellant's entitlement to relief following the hearing.

## DISPOSITION

The trial court's October 27, 2021 order denying appellant's petition to vacate his murder conviction and for resentencing is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and hold a hearing to determine whether to vacate appellant's murder conviction, recall his sentence, and resentence him.